**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, <br><br> Plaintiff, <br><br> v. <br><br> Unknown Ivey, et al., <br><br> Defendants. | No. CV-18-00152-TUC-DCB <br><br> **ORDER** |

On October 3, 2019, the Court granted summary judgment and entered Judgment for Defendants. On October 16, 2019, the Plaintiff filed a Motion for Reconsideration. She points out what she believes to be an inconsistencey in the Court's findings and complains that the Court improperly disregarded her affidavit evidence supporting her claims. (Motion (Doc. 41)).

The Plaintiff points out that the Court's finding that she "failed to obtain the appropriate form, the BP-9" contradicts the Court's acknowledgment of Plaintiff's claim, supported by sworn affidavit, that she filed the BP-9 form and gave it to Daniel Flores. (Motion (Doc. 41) (citing Order (Doc. 39) at 6-7).

To be clear, the Court found the Plaintiff's admission to be dispositive, as follows:

> In her declaration supporting her Response to Defendants' Motion for Summary Judgment, Plaintiff expressly states that when she was told her complaint could not be resolved informally, she took the informal resolution form (BP-8) and "attached [it] to a Request for Administrative Remedy [BP-9] on or about March 20, 2018 and handed it to my unit Counselor Daniel Flores for processing and submission to the Warden."

(Order (Doc. 39) at 6 (citing Response, P Decl. (Doc. 35) at 4 ¶4.)

The Court granted the Defendants' Motion for Summary Judgment for failure to exhaust because the Plaintiff, by her own admission, did not complete the PB-9 form because she did not submit a completed PB-9 form. She only completed the BP-8 form and attached it to the BP-9 form. She admittedly did not complete the requisite BP-9 form with all the requisite identifying information placed in the spaces provided on the form, did not date and sign the Request. (Order (citing 28 C.F.R. 542.14(c)(2-4)). Attaching the PB-8 form to the PB-9 form, the Plaintiff failed to submit the requisite BP-9 to make a Request for Administrative Remedy. *Id.* citing § 542.14(a).

This admission was the basis of the Court's ruling, not the Court's alleged error in disregarding the Plaintiff's affidavit that she submitted the BP-9 form, and the BOP did not respond to her BP-9 request, therefore, excusing her failure to exhaust administrative remedies.

The Plaintiff is correct that the Court must treat declarations of prisoners equal to declarations of prison officials. The Plaintiff should, however, take equal note of the well-established evidentiary principal that the production of weak evidence when strong is available can lead to the conclusion that the strong would have been adverse. *Biestek v. Berryhill,* 139 S. Ct. 1148, 1160 (2019) (citing Interstate Circuit, Inc. v. United States, 306 U.S. 208, 226 (1939)). While the Plaintiff's failure to keep copies of her alleged administrative claim was not dispositive this time, it might be in the future. The prison was also required to generate a receipt for a Request for Administrative Remedy, and Plaintiff failed to tender this evidence. Here, the Court required the Defendants to produce the record for all administrative complaints filed by the Plaintiff for the relevant time frame, which reflected no such complaint was made against Ivey. In the future, the Plaintiff should take more care to adhere to these readily available means to support claims of exhaustion. Again, the Court did not base its decision on this lack of evidence

because by the Plaintiff's own admission, she did not properly submit a BP-9 form to make a Request for Administrative Remedy.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 41) is DENIED.

Dated this 28th day of October, 2019.

Honorable David C. Bury
United States District Judge